# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 26, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

140711

CARMELLA ROSE MILLER,
        Plaintiff-Appellant,

v                                                    SC: 140711
                                                     COA: 289114
                                                     Mecosta CC: 07-018017-NI

BRANDON NICHOLAS LEE COOPER,
NICK W. BONGARD, and MICHIGAN
MILLERS MUTUAL INSURANCE COMPANY,
        Defendants-Appellees.
_____/

       On order of the Court, the application for leave to appeal the February 9, 2010 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE the judgments of the Court of Appeals and the Mecosta Circuit Court, and we REMAND this case to the trial court for reconsideration in light of *McCormick v Carrier* (Docket No. 136738), 487 Mich ___ (July 31, 2010).

       CORRIGAN, J. (*concurring*).

       I concur in the order remanding for reconsideration under *McCormick v Carrier,* 487 Mich ___ (2010), because the majority opinion in *McCormick* altered the criteria for determining whether an injured plaintiff meets the serious impairment threshold in MCL 500.3135(7).  But I reiterate my disagreement with the *McCormick* majority's analysis for the reasons expressed in Justice MARKMAN's dissent in that case, which I joined.  I continue to conclude that the *McCormick* majority misinterpreted MCL 500.3135(7), thus encouraging litigation that is expressly prohibited by the motor vehicle no-fault insurance act and upsetting the Legislature's clear intent to provide Michigan citizens with timely, automatic benefits for injuries sustained in auto accidents while avoiding costly, unnecessary litigation.

Young, J. (*concurring*).

Although I recognize that this Court's decision in *McCormick v Carrier*, 487 Mich ___ (2010), now controls when a person may recover in tort for non-economic loss under the no-fault act, I continue to adhere to the position stated in Justice Markman's dissenting opinion in that case, which I joined.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 26, 2010

Clerk

d1018